**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MATTHEW L. FERBER,

Plaintiff,

vs.

CHO FAMILIA DYNASTIA, INC., a New York corporation, d/b/a FLOR DE MAYO RESTAURANT-BROADWAY, and NAMDAR 2651 BROADWAY LLC, a New York limited liability company, and 2651 BROADWAY BH LLC, a New York limited liability company,

Defendants.
_______________________________________/

CASE NO: 1:26-cv-09636

**COMPLAINT**

Plaintiff, MATTHEW L. FERBER (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues CHO FAMILIA DYNASTIA, INC., a New York corporation, d/b/a FLOR DE MAYO RESTAURANT-BROADWAY, and NAMDAR 2651 BROADWAY LLC, a New York limited liability company, and 2651 BROADWAY BH LLC, a New York limited liability company, (hereinafter, collectively, the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS WITH DISABILITIES ACT ("ADA"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in New York.

3. The remedies provided by the New York State Human Rights Law are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4. At the time of Plaintiff's visit to FLOR DE MAYO RESTAURANT-BROADWAY, prior to instituting the instant action, MATTHEW L. FERBER (hereinafter referred to as "Plaintiff") was a resident of the State of New Jersey, residing at 307 Prospect Avenue, Hackensack, NJ 07601, and suffers from a condition that constitutes a "qualified disability" under the Americans With Disability Act of 1990, in that he is a double-amputee and uses a wheelchair for mobility. The Plaintiff, prior to filing this lawsuit, personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is the subject of this lawsuit.

5. The Defendants, CHO FAMILIA DYNASTIA, INC., a New York corporation, d/b/a FLOR DE MAYO RESTAURANT-BROADWAY, and NAMDAR 2651 BROADWAY LLC, a New York limited liability company, and 2651 BROADWAY BH LLC, a New York limited liability company, are authorized to conduct, and are conducting business within the State of New York. Upon information and belief, CHO FAMILIA DYNASTIA, INC., is the lessee and/or operator of the real property (hereinafter and heretofore referred to collectively as "Defendants' Property"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the facility commonly referred to as FLOR DE MAYO RESTAURANT-BROADWAY (hereinafter the "Subject Facility") located at 2651 Broadway, New York, New York (hereinafter and heretofore referred to collectively as "Defendants' Property"), which also maintains and controls the Subject Facility. Upon information and belief, NAMDAR 2651

BROADWAY LLC, and 2651 BROADWAY BH LLC, are the owners, lessors and/or operators of the real property where the Subject Facility is located which is the subject of this action, the facility commonly referred to as FLOR DE MAYO RESTAURANT-BROADWAY, located at 2651 Broadway, New York, New York (hereinafter and heretofore referred to collectively as "Defendants' Property"), which also maintains and controls the Subject Facility.

6. All events giving rise to this lawsuit occurred in the City of New York, State of New York. Venue is proper in this Court as the premises is located in the State of New York.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

7. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8. Congress found, among other things, that:

> (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
>
> (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and

communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

9. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

10. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject Facility is a place of public accommodation in that it is an establishment which provides goods and services to the public.

11. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

12. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations, and/or undergone substantial remodeling, repairs and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

13. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

14. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. Prior to the filing of this lawsuit, Plaintiff, who resides approximately 13.8 miles from the Defendants' Property and who travels to the area of Defendants' Property on a regular basis to shop and dine at the stores and restaurants in this popular area, personally visited Defendants' Property, a popular and highly-rated[1] and unique …"Peruvian and Chinese" restaurant that specializes Chino-Latino cuisine which "….take(s) pride in signature dishes such as Lomo Saltado, Pollo a la Brasa, Tallarin Verde, Arroz Chaufa, and Seafood in Garlic Sauce, each prepared with care and rooted in the flavors that have shaped (them) since 1977 serving many "specials, hosting parties and providing catering"[2] but was denied access to the Subject Property, and therefore suffered an injury in fact. In addition, Plaintiff shall promptly visit the Subject Property in the future once it is made accessible and ADA compliant, but continues to be injured in that he is

---

[1] "A great mix of Chinese and Peruvian food, two of my favorite cuisines! The perfect blend of two cultures! The first time I visited, we ate at the restaurant and the service was great. For a small restaurant, they actually have a lot of seating, and they were pretty busy that day. Today, we stopped by for takeout after a long drive to the city. I've been craving their lomo saltado for the longest time and just couldn't resist! One order of lomo saltado is definitely enough for two people. We ordered two, and they even packed two plates with each order, which was super convenient. It was SO delicious! We also get the lomo saltado with pork fried rice instead of white rice, and honestly, that combo is a must! I'm so glad we found this spot. Literally the perfect blend of two cultures, and I'll definitely be back!"
See https://www.yelp.com/biz/flor-de-mayo-new-york-3

[2] See https://flordemayo.com/

unable to and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA, and the New York State Human Rights Law.

15. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

16. The Defendants' Subject Facility is in violation of 42 U.S.C. §12181, et. seq., the ADA and 28 C.F.R. §36.302, et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:[3]

(i) Failure to provide an accessible entrance to the Subject Facility, due to multiple steps at said entrance, without an ADA-compliant ramp and/or an ADA-compliant wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.14.

(ii) Failure to provide a safe and accessible means of egress from the Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.3.10.

(iii) The bar, with fixed stools and footstand, is higher than 34 inches above the finished floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2 which requires a maximum height of the bar counter, or a 60-inch wide section of it, to be 34 inches above the finished floor.

[3] In accordance with the Second Circuit in Kreisler, "... consistent with the ADA's mandate that disabled individuals need not "engage in a futile gesture if such a person has actual notice that [the private entity] does not intend to comply with [ADA] provisions." 42 U.S.C. § 12188(a)(1). In short, Kreisler need not personally encounter each ADA violation within the Diner in order to seek its removal." See Kreisler v. Second Avenue Diner Corp., d/b/a Plaza Diner, J.J.N.K. Corp., 12-4093 (2d Cir. 2013), at p. 10.

(iv) Failure to provide access to all dining tables, due to multiple interior steps at said dining tables, without an ADA-compliant ramp and/or wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.3.

(v) Failure to provide an accessible door handle at the restroom entrance that can be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.13.9.

(vi) Failure to provide sufficient clear floor space and turning radius, to provide safe adequate maneuverability space in the restroom, in violation of 28 C.F.R. Part 36, Section 4.2.

(vii) Failure to install the required rear grab bar in the restroom, around an accessible toilet, in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(viii) Failure to install the required side grab bar in the restroom, around an accessible toilet, in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(ix) Failure to install an accessible mirror in the restroom, in compliance with 28 C.F.R. Part 36, Section 4.19.6.

(x) Failure to provide a paper towel dispenser in the restroom, at an accessible height, as required by 28 C.F.R. Part 36, Section 4.2.

(xi) The lavatory is inaccessible, due to trash receptacle blocking forward approach to said lavatory in restroom, in violation of 28 C.F.R. Part 36.

(xii) Failure to provide an accessible flushing mechanism on the toilet in the restroom, in violation of 28 C.F.R. Part 36, Section 4.16.5.

(xiii) Failure to provide a coat hook at the restroom entrance door, at an accessible height, as required by 28 C.F.R. Part 36, Section 4.1.

(xiv) Failure to provide an accessible locking mechanism in the restroom, that can be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.27.4.

(xv) Failure to provide ADA-compliant signage at the restroom area, in violation of 28 C.F.R. Part 36, Section 4.3

(xvi) The hand sanitizer dispenser is at an inaccessible height, in violation of 28 C.F.R. Part 36, Section 4.2.

(xvii) The business cards and to-go menus, located on top of high counter, are at an inaccessible height, in violation of 28 C.F.R. Part 36.

(xviii) The toothpick dispenser is located on top of high counter, are at an inaccessible height, in violation of 28 C.F.R. Part 36.

(xix) To-go candy is located on top of high counter, is at an inaccessible height, in violation of 28 C.F.R. Part 36.

17. Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only once a full inspection is done can all said violations be identified.

18. To date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19. Pursuant to the ADA, 42 U.S.C. §12101, et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Subject Facility to make it independently accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

**COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

21. The New York City Human Rights Law provides:

> (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability …
>
> NYC Admin. Code § 8-107(4)(a).

22. Defendants, CHO FAMILIA DYNASTIA, INC., a New York corporation, d/b/a FLOR DE MAYO RESTAURANT-BROADWAY, and NAMDAR 2651 BROADWAY LLC, a New York limited liability company, and 2651 BROADWAY BH LLC, a New York limited liability company, are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

23. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 20 as if set forth in their entirety here.

**COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

24. The New York State Human Rights Law provides:

> (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to

> such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability …
>
> NYS Exec. Law § 296 (2)(a).

25. Defendants' Property is a place of public accommodation as defined in the New York State Human Rights Law.

26. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

27. Defendants, CHO FAMILIA DYNASTIA, INC., a New York corporation, d/b/a FLOR DE MAYO RESTAURANT-BROADWAY, and NAMDAR 2651 BROADWAY LLC, a New York limited liability company, and 2651 BROADWAY BH LLC, a New York limited liability company, are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

28. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 22 as if set forth in their entirety here.

## COUNT IV - VIOLATION OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK

29. The Defendants have subjected, and continues to subject, Plaintiff to disparate treatment by directly and/or indirectly refusing, withholding, and denying the full accommodations of the Subject Facility, and advantages, facilities and privileges of its place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

30. The Defendants have discriminated against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

31. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code § 8-130 (emphasis added).

32. The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

33. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered an injury in fact.

34. The Defendants' long-standing refusal and/or lack of effort to make the Subject Facility fully accessible was egregious and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

35. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons, such as the Plaintiff, that they in effect are not welcome and not desired as patrons of its place of public accommodation.

36. The Defendants unlawful discriminatory conduct constitutes willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Administrative Code § 8-502.

37. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 27 as if set forth in their entirety here.

**ATTORNEYS' FEES AND COSTS**

38. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

39. Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

**DAMAGES**

40. The Plaintiff demands one thousand five hundred dollars ($1,500.00) in compensatory damages based on Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law, plus punitive damages pursuant to the Administrative Code of the City of New York.

**INJUNCTIVE RELIEF**

41. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Subject Facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declare that the Subject Property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants are

violative of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA and by NYCHRL, and the NYSHRL;

C. The Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

D. The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E. The Court award such other and further relief as it deems necessary, just and proper.

Dated: This 3rd day of November, 2026.

Respectfully submitted,

By: /S/ B. Bradley Weitz

B. Bradley Weitz, Esq. (BW 9365)
bbw@weitzfirm.com

THE WEITZ LAW FIRM, P.A.
Attorneys for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile: (305) 704-3877